22521.   HARBISON *v.* LITTLE & SON.

STEPHENS, J.   1. Where, upon the call for hearing of a motion to reinstate a dismissed motion for a new trial, counsel representing the movant in the motion to reinstate moved for a continuance of the hearing on the motion to reinstate, upon the ground that the call of the motion to

reinstate was not made at the usual time for the hearing of such motions in accordance with the practice obtaining in the circuit, and that opposing counsel had only the day before indicated to counsel for movant that opposing counsel preferred to wait for a hearing until a judge other than the one holding court and who had called the motion could hear it, and that therefore counsel for the movant was not prepared for trial, the court did not err in overruling the motion to continue the motion to reinstate and in immediately hearing the motion, where it afterwards appeared, without dispute, from the evidence adduced upon the hearing that counsel for the movant in the motion to reinstate conceded that the movant, who was the movant in the motion for a new trial and was the defendant in the main case, had consented to a settlement negotiated by counsel for the plaintiff and other counsel who had represented the movant in the motion for a new trial and had consented to a dismissal of the motion for a new trial, and that the only issue presented for determination was whether counsel for the movant in the motion to reinstate, whose fee was contingent upon a successful determination of the case, had agreed to permit the counsel associated with him in the motion for a new trial, and who had been associated with him in the trial of the main case, to negotiate with counsel for the plaintiff a settlement of the litigation, and therefore by implication to dismiss the motion for a new trial, and where both counsel for the movant in the motion to reinstate and the associate counsel who had dismissed the motion for a new trial were present in court and testified, it does not appear that counsel for the movant in the motion to reinstate was, by reason of being forced to trial over his motion for a continuance, unable to produce all available testimony tending to support his contentions, and it does not appear that he was injured or deprived of any substantial right by the overruling of the motion for continuance.

2. Upon the hearing of the motion to reinstate the motion for a new trial, where the only issue presented for determination was as above indicated, while the evidence was conflicting, there was evidence that counsel for the movant in the motion to reinstate had, by his associate counsel in the motion for a new trial, been made acquainted with the terms of the settlement as proposed by the plaintiff's attorney, and had agreed that his associate counsel should consummate a settlement of the case with the plaintiff's attorney, the court was authorized to find that counsel for the movant in the motion to reinstate had consented to allow his associate counsel to consummate a settlement of the case and to dismiss the motion for a new trial, and that pursuant to such agreement associate counsel had agreed with plaintiff's counsel to a settlement of the case and had authorized the dismissal of the motion for a new trial. The court did not err in overruling the motion to reinstate the motion for a new trial.

*Judgment affirmed. Jenkins, P. J., and Sutton, J., concur.*

Decided February 4, 1933. Rehearing denied March 4, 1933.

*G. C. Robinson, R. D. Flynt, R. S. Wimberly,* for plaintiff in error.

*G. Y. Harrell, Zach Arnold,* contra.