24294. HARBISON v. LITTLE & SON.

BROYLES, C. J. 1. This is a garnishment proceeding. Under the facts of the case as disclosed by the record, the court did not err in overruling the objections of the defendant to the judgment moved for by the plaintiffs.

2. The verdict in favor of the traverse to the defendant's plea that the fund in question was exempt from the process of garnishment was amply authorized by the evidence. The bill of exceptions recites that the verdict was directed, but the record shows that the issue was submitted to the jury; and where there is a conflict between the bill of exceptions

and the record, it is well settled that the record controls. In view of the verdict in favor of the traverse, the court did not err in entering up judgment against the garnishee and against the principal and the surety in the dissolution bond.

3. This is the third appearance here of this case. See 44 *Ga. App.* 350 (161 S. E. 671); 46 *Ga. App.* 468 (167 S. E. 926). It appearing to this court that the instant writ of error was probably prosecuted for the purpose of delay, the request of the defendant in error that ten per cent. damages be taxed against the plaintiff in error is granted.

*Judgment affirmed, with damages. MacIntyre and Guerry, JJ., concur.*

DECIDED MARCH 26, 1935. REHEARING DENIED JUNE 22, 1935.

*R. S. Wimberly, Smith & Smith,* for plaintiff in error.
*Zach Arnold, G. Y. Harrell,* contra.

ON MOTION FOR REHEARING.

GUERRY, J. The plaintiff sued out an attachment against defendant on May 28, 1930, returnable to the October term of the superior court. This attachment was levied on certain personal property. On the same day a garnishment affidavit and bond were executed, alleging the same indebtedness as in the attachment affidavit, and further alleging the suing out of the attachment. A summons of garnishment was issued and served, and the garnishee answered indebted thereon. The defendant in attachment gave bond, took the fund, and relieved the garnishee. A declaration in attachment was filed, issue formed, and a personal judgment taken in favor of the plaintiff against the defendant in attachment on April 24, 1931. A joint judgment was also entered up at this time, reciting that a summons of garnishment had been issued on the attachment, that the garnishee had answered indebted in a named sum, and that the defendant had dissolved the garnishment, and judgment was rendered against the defendant and his surety on the dissolution bond. At this same term the defendant made a motion to dismiss the garnishment, on the ground that it was not issued in the manner provided by law and that the bond was not conditioned as required by law. The court overruled this motion, and this ruling was excepted to and brought to this court, where the judgment of the trial court was affirmed. See 44 *Ga. App.* 350 (supra). This ruling became the law of the case on this question. The defendant also filed a motion for new trial in the attachment case at the same term, and the motion was dismissed or

withdrawn by the defendant. A motion to reinstate this motion for new trial was refused and the matter was again brought to this court. 46 *Ga. App.* 469 (supra). In the opinion in that case it was said: "Where the only issue for determination was as above indicated (that is that movant had consented at the April term, 1931, to dismiss his motion for new trial and had consented to settlement negotiated between counsel for both parties), it was not error to overrule the motion to reinstate the motion for new trial." This matter was decided on February 4, 1933, by this court. Thereafter the plaintiff, recognizing that a joint judgment had been rendered against defendant and garnishee, which, under the decisions in *Donaldson* v. *Tripod Paint Co.,* 43 *Ga. App.* 3 (158 S. E. 640), and *Nashville R. Co.* v. *Brown,* 3 *Ga. App.* 351 (60 S. E. 319), was void as to the garnishee, made a motion for a judgment against the garnishee. Defendant objected on the ground that there was no proper proceeding on which to base such judgment; that garnishment had not been issued in the manner provided by law; that there was no suit pending or judgment obtained on which to base such action, as well as other grounds not necessary to set out. These objections were filed in writing and overruled by the court, and exceptions pendente lite were taken. The defendant then answered that the fund in court was the proceeds of his labor, and as such exempt from process of garnishment in a named amount. This claim of exemption was traversed by the plaintiff. The matter was submitted to a jury, and the fund found not to be exempt; the judgment was taken against the defendant and his surety on the bond dissolving garnishment. A motion for new trial was overruled and the defendant again brings the matter to this court.

The evidence demanded the verdict finding the fund subject, and it is immaterial whether it was directed by the court or found by the jury. The defendant having made practically the same objections to the garnishment proceedings in the case heretofore brought to this court and decided in 44 *Ga. App.* 350 (supra), it was not error, for any reason assigned, for the court to overrule the objections filed, the law of the case having been fixed. It might further be considered that in view of the fact that the attachment sued out against the defendant was prosecuted to a personal judgment against the defendant, the allegation in the gar-

nishment affidavit and the bond that there was an attachment sued out against Harbison in the same cause and was therefore a suit pending was correct. It is true that a summons of garnishment might have been issued without the making of the garnishment affidavit and bond, for the reason that summons of garnishment may issue on an attachment taken (Code of 1910, § 5094), and to that extent the garnishment affidavit and bond might be treated as surplusage; yet the affidavit of garnishment having expressly alleged that an attachment has been sued out against the defendant for the same debt; and the defendant having given bond and dissolved the garnishment, and final personal judgment having been rendered on the attachment, we can not see that the defendant may complain because a judgment is also asked to be taken on the garnishment. The attachment which was prosecuted to a final personal judgment was a suit pending; and while it was unnecessary, the garnishment affidavit and bond separately sworn out and summons issued thereon are valid. It appearing in this case and from the records in the other phases of the matter brought to this court that the defendant had voluntarily consented to a withdrawal of his motion for new trial and a surrender of the funds caught by garnishment, and thereafter continued the litigation, the award of damages is proper. I am authorized to say that Judge MacIntyre, concurs in this opinion.                              *Rehearing denied.*

BROYLES, C. J., concurring specially. In the motion for a rehearing it is alleged that this court "overlooked the fact appearing in the record that the verdict does not show that it was not directed by the court." This court did not state that the *verdict* showed that it was not directed, but said that the *record* so showed. The bill of exceptions recites that "the court directed the jury to render a verdict finding in favor of the traverse and against the claim of exemption and that said fund was subject to garnishment." In the judgment of the trial court (found on page 15 of the record transmitted to this court) occurs the following recital of facts: "The defendant having filed pleadings that the funds in the answer of Ingram-LeGrand Lumber Co., garnishee, is exempt from garnishment and not subject to the process of garnishment and the same is the daily and weekly wages of the said J. W. Harbison, and said plea of exemption having been traversed and *the issue having been submitted to a jury* (italics ours) and the finding of the jury

[being] in favor of the traverse and against the exemption claimed by said J. W. Harbison and that the funds are subject to the process of garnishment, it is considered and adjudged by the court," etc., etc. The other grounds of the motion are without substantial merit.