### 31139. TERRY v. THE STATE.

MacINTYRE, J. Special ground 1 of the motion for a new trial states: "The solicitor-general asked a State's witness, to wit, J. L. Morgan, sheriff of Gwinnett County, if the defendant did not have a bad reputation for dealing in liquor, and the witness immediately replied that he did have such a reputation, that he had been reported to him a number of times. The reply of the witness to this question was made immediately and before counsel for defendant had an opportunity to object to the same. Counsel for defendant then immediately made a motion for a mistrial, upon the ground that the question of the solicitor and the reply of the witness put the defendant's character in issue before the jury, when in fact the defendant had not put his own character in issue. The court then asked the solicitor-general to submit some authority which would authorize said evidence to be submitted, and the solicitor replied that he thought he had the right to do so in the class

of cases then on trial. After some discussion of the matter, the court ruled out said evidence, and at about the same time the solicitor-general stated he would withdraw said question. Upon ruling out said evidence the court cautioned the jury not to consider said evidence in making up their verdict, and the court then overruled said motion for a mistrial and refused to declare a mistrial in said case." *Held*: It was reversible error to admit testimony by the prosecutor in response to a question by the solicitor as to the defendant's bad character, when the defendant himself had not put his character in issue. *Peacock* v. *State*, 38 *Ga. App.* 268 (143 S. E. 605); *Smoot* v. *State*, 146 *Ga.* 76 (90 S. E. 715). Even though the solicitor was under the misapprehension that this could be done in a case of the character of the one here in question, the measures adopted by the court did not obliterate the illegal testimony from the minds of the jury, and it was of such a harmful and prejudicial nature as to require the grant of a new trial.

*Judgment reversed. Broyles, C. J., and Gardner, J., concur.*

Decided April 16, 1946.

*W. L. Nix,* for plaintiff in error.
*Charles C. Pittard, solicitor,* contra.