1. Where there is a conflict between the bill of exceptions and the record, it is well settled that the record controls. See Harbinson v. Little Son, 51 Ga. App. 327 (2) (180 S.E. 496).
2. Evidence of unstamped whisky found on uninclosed land belonging to the defendant several hundred yards away from the house, with no trial leading from the house to the whisky, and the defendant not being seen anywhere about the whisky, is not sufficient to support a verdict of *Page 874 
guilty of possessing the same. See Roper v. State, 67 Ga. App. 272
(19 S.E.2d 746); Summerville v. State, 68 Ga. App. 13 (21 S.E.2d 909); Wright v. State, 48 Ga. App. 302
(172 S.E. 687).
3. The legal rebuttable presumption in this State being that the head of the family controls the house and all the household effects including intoxicating liquors therein, whisky in the house and being destroyed by a minor son of the head of the house, is, in the absence of any evidence to the contrary, presumed to belong to the head of the house and to be in his constructive control. This presumption may be rebutted either by direct or circumstantial evidence, and whether or not it is rebutted is usually a question for the jury. See Scott v. State, 57 Ga. App. 489 (195 S.E. 923), and cases cited; also Hill v. State, 50 Ga. App. 288 (177 S.E. 826).
4. Where counsel in the hearing of the jury makes statements of prejudicial matters which are not in evidence, it is the duty of the judge to interpose and prevent the same; and, on objection made, he shall also rebuke the counsel, and by all needful and proper instructions to the jury endeavor to remove the improper impression from their minds; or, in his discretion, he may order a mistrial if the plaintiff's attorney or the solicitor-general in a criminal case is the offender. When such argument of counsel is manifestly improper and prejudicial to the defendant, and the trial court neither grants the mistrial, nor rebukes counsel, nor by needful and proper instructions to the jury endeavors to remove the improper impressions from their minds, and the verdict later reached by the jury is adverse to the defendant and is not demanded by the evidence, a new trial is required. See Code, § 81-1009; Fountain v. State, 23 Ga. App. 113 (7) (98 S.E. 178); Bedsole v. State, 32 Ga. App. 792
(124 S.E. 812); Lober v. State, 60 Ga. App. 204 (3 S.E.2d 597).
 DECIDED APRIL 24, 1948.
Jeff Baggett, hereinafter referred to as the defendant, was indicted at the April term, 1947, of the Superior Court of Whitfield County, in two counts, for the offenses of possessing more than one quart of whisky and of possessing non-tax-paid whisky. He was tried at the July term, 1947, and from the evidence the jury was authorized to find: that the Sheriff of Whitfield County, together with two deputy sheriffs went to the home of the defendant on April 4 this year, with a search warrant (the record is silent as to who swore out this warrant); that one of the officers went to the front of the house, one to the side, and one to the back door; that one of the defendant's sons went to one of the doors and upon perceiving an officer, slammed the door; that another officer entered the house and saw this boy pouring liquor out of a fruit jar and onto the hearth. The officer got the *Page 875 
jar, and it still contained several spoonfuls of whisky; the container had no revenue stamp affixed on it; that the defendant was sick in bed at the time in another part of the house from where his son was pouring out the whisky in the fireplace; that the son was about 18 years of age, lived in the house with his father, and the defendant was the head of the house; that the defendant had been sick for sometime and had only recently returned home from Lawson General Hospital; that there were a number of half-gallon fruit jars and some gallon jugs on the premises that had previously contained liquor; that about a week before this raid two other officers with the Georgia State Revenue Department went on the farm occupied by the defendant, but did not search his home. On this occasion these officers found along a field road, where cars and a sled had previously traveled, some 400 yards from the house of the defendant, eleven half-gallon fruit jars, the containers having no State revenue stamps affixed; that there was plowed ground in this vicinity, but the officers did not know who plowed it, and the defendant was not seen anywhere about this liquor.
The defendant made a brief statement, in which he denied any connection with the whisky and any knowledge that whisky was in his house or about his premises. He stated that he had been sick for about 2 years and had been able to do no work; and that at the time of his arrest he had recently come home from a stay at Lawson General Hospital.
Although the bill of exceptions recites that the defendant was convicted on both counts, and his counsel not only states that his client was convicted on both counts in part one of his brief, but insists in part two thereof that the verdict must be set aside because it finds the defendant guilty on both counts, one of which is clearly unsupported, nevertheless, the verdict itself, as disclosed by the record which is called for by the bill of exceptions, discloses that the defendant was found not guilty on count one and guilty on count two. This is pointed out correctly in the brief of counsel for the defendant in error.
The defendant moved for a new trial on the general grounds, which were later amended by adding a special ground, in which he contended that during the argument of counsel the following occurred: the solicitor-general while making his argument for *Page 876 
the State said to the jury, "I know, and you gentlemen know, Louie Vining, and I know and you know, that he is not out wasting his time swearing out search warrants and searching people for liquor without he knows or has information and good reason to believe such person is dealing in intoxicating liquor." Counsel for the defendant then and there objected to said argument and moved the court to declare a mistrial, insisting that there was no evidence that the defendant ever dealt in any intoxicating liquor, and no evidence that either the solicitor-general or the sheriff had any knowledge of the defendant dealing in intoxicating liquor; nor was there any evidence that the sheriff swore out a search warrant; and that such argument was not warranted by the facts, was prejudicial, improper, and such as to demand the grant of a mistrial. The court overruled the motion and allowed the solicitor-general to proceed with his argument without rebuking him for improper argument, without instructing the jury that such argument was improper, and without instructing the jury to disregard such argument.
The trial judge overruled the motion for new trial as amended, and on this judgment error is assigned.
1-3. Headnotes 1, 2, and 3 require no elaboration. For the reasons set out in headnote 3, the general grounds of the motion for new trial are without merit.
4. The statement of the solicitor-general in the argument of the case before the jury, which is complained of in the sole special ground of the amended motion for new trial, is set forth in the statement of facts, reference to which discloses that he in effect called upon the jury to take into consideration the personal knowledge and information, undisclosed by the evidence, which the sheriff had, that the defendant was dealing in intoxicating liquors before he would have sworn out a search warrant and searched his premises. The record contained no evidence that the sheriff had sworn out the warrant. It discloses no knowledge that the sheriff had that the defendant was dealing in intoxicating liquors other than that obtained in the course *Page 877 
of execution of the search warrant. It discloses no information that the sheriff had to this effect. The argument, therefore, was not authorized by the evidence. Lober v. State, 60 Ga. App. 204
(supra), is ample authority that such argument is prejudicial. Juries should no more be called upon to take into consideration the personal knowledge or information of the sheriff, undisclosed to them by the evidence, than they should be called upon to take into consideration such knowledge of the trial judge. There being evidence that the defendant was in the south end of the house in bed sick, that his minor son was pouring out the liquor in the fireplace in the north end of the house, that a hallway was between the two, that the defendant had been in poor health for some time, and that he had recently returned to his home from a hospital, there was circumstantial evidence tending to rebut the presumption set out in the 3rd headnote hereof. The verdict of guilty, therefore, was not demanded by the evidence, but whether or not the presumption that as head of the house the whisky which was being destroyed by the minor son of the defendant was in the latter's constructive possession, was a question for the jury. When counsel made this prejudicial statement, the court did not interpose and prevent the same, on objection made did not rebuke counsel, and did not by all needful and proper instructions to the jury endeavor to remove the improper impressions from their minds. The judge merely overruled the motion for mistrial and directed the jury to remember the evidence and go by it. The improper and prejudicial remarks of counsel were no part of the evidence, nor were they authorized by the same. This instruction failed to correct the error.
The judgment of the trial court overruling the special ground of the amended motion for new trial is therefore error.
Judgment reversed. MacIntyre, P. J., and Gardner, J.,concur.