## 36433. STANLEY v. THE STATE.

Decided December 4, 1956.

*Wesley R. Asinof, J. O. Ewing, William E. Spence, Joe Salem,* for plaintiff in error.

*Paul Webb, Solicitor-General, C. O. Murphy, Carl B. Copeland, Thomas R. Luck, Jr., Eugene L. Tiller,* contra.

CARLISLE, J. ■ In his motion for new trial, the defendant assigns error on the usual general grounds and two special grounds. In special ground 1, he complains that the trial court erred in its failure to grant a mistrial when the State placed his character in issue, although he had not done so, by the solicitor's asking a witness for the State the following question: "Lieutenant Cox, are you acquainted with the general reputation and character of Robert E. Stanley in the community where he lives?" In approving this ground of the motion for a new trial, the trial court appends the following note:

"The recital of facts contained in the foregoing amendment to and of the original motion for a new trial is hereby approved as true and correct and all of the grounds of the amendment are approved; and the amendment is hereby allowed and ordered filed as a part of the record in said case.

"With reference to ground 1 of the said amendment the court certifies that during the progress of the trial while Lt. W. M. Cox was testifying as a witness for the State certain questions were asked and the following colloquy occurred between counsel for the State and counsel for the defendant and the court, to wit: 'Lieutenant Cox, are you acquainted with the general reputation and character of Robert E. Stanley in the community in which he lives?' Mr. Spence: 'We object to that question on the ground we have not put the defendant's character in issue. We move for a mistrial.' The Court: 'I think the statement was that he had never been convicted of any crime involving moral turpitude?' Mr. Spence: 'That is right.' The Court: 'Something of that kind.' Mr. Spence: 'I made the statement to the jury, I put them on notice he had never been convicted of a burglary or of any other crime involving moral turpitude.' The Court: 'That is as far as he went. I don't believe that would lay—.' Mr. Luck: 'I understood Mr. Spence to say yesterday that he put his character in issue.' The Court: 'Wait a minute now, let the jury go to the jury room.' The jury retired from the courtroom. Mr. Spence: 'That was the statement I made. I very carefully avoided putting his character in issue, I made no reference to it whatsoever.' The Court: 'He didn't say he is a man of good character, he says he has never been convicted of burglary or something else.' Mr. Spence: 'Larceny or any crime involving moral turpitude.' The Court: 'That is as far as he went. A man might not do that and still be a bad character.' Mr. Spence: 'That is right.' The Court: 'I don't believe that would be equal to putting his character in issue. He didn't say he is a man of good character. He just said he had never been convicted of certain crimes.' Mr. Spence: 'That is right.' Mr. Copeland: 'Well, Your Honor, what I understood Mr. Spence to say, I am certainly honest in what I understood him to say, he turned around and said, I want the solicitor to know that I am putting his character in issue.' Mr. Spence: 'I didn't say that. I very carefully avoided it.' The Court: 'I don't think he did that. I noticed that myself.' Mr. Spence: 'I very carefully avoided that because I couldn't afford to have done otherwise.' The Court: 'He just said he had not been convicted of certain crimes.' Mr. Spence: 'Now, Your Honor, while the jury is out I want to make

a motion for a mistrial because this jury now will be prejudiced by this question asked by the solicitor-general and you can't remove it from their minds.' Mr. Luck: 'This man has not answered the question.' Mr. Spence: 'That doesn't matter, Your Honor, the harm has been done.' The Court: 'Well now if you want me to I will tell the jury the man's character is not an issue, but whether they will—' Mr. Spence: 'No, sir, we want a mistrial.' The Court: 'I will overrule the motion for a mistrial but if you want me to I will say his character is not an issue, whichever way you want to handle it. . .' Mr. Spence: 'Your Honor is much more versed in the law than I am but I don't think there is any doubt about it being reversible error because he has put this man's character in issue, the question has been asked. We had to object to it and the only inference the jury can draw now is that he is a man of bad character. The harm has been done and you can not eradicate that, the question and the subsequent objection from the mind of the jury.' The Court: 'Well, we will spend too much time—' Mr. Spence: 'It is not a question of that, Your Honor, this man's liberty is at stake, if it takes two weeks.' "

Code § 81-1009 provides as follows: "Where counsel in the hearing of the jury make statements of prejudicial matters which are not in evidence, it is the duty of the court to interpose and prevent the same; and on objection made, he shall also rebuke the counsel, and by all needful and proper instructions to the jury endeavor to remove the improper impression from their minds; or, in his discretion, he may order a mistrial if the plaintiff's attorney is the offender." The question here is whether inquiry by the solicitor to his witness together with such part of the ensuing colloquy as took place in the hearing of the jury was sufficiently prejudicial to demand at least some cautionary instruction on the part of the court, and also whether, if this is true, the defendant's counsel waived this right by insisting on a mistrial and refusing to agree with the court merely to instruct the jury that the defendant's character was not in issue. Although the cases cited by the plaintiff in error deal with situations where the objection was to an answer given by a witness, not merely to the propounding of a question as to which no answer was made, and although it has been held that ordi-

narily, or under the facts of the case under consideration, that it is not cause for a mistrial in a criminal case that the solicitor tenders illegal testimony where the court refuses to admit it and instructs the jury not to consider it (*Harris* v. *State*, 212 *Ga.* 186 (1), 91 S. E. 2d 492; *Withrow* v. *State*, 136 *Ga.* 337, 71 S. E. 139; *Sisk* v. *State*, 182 *Ga.* 448, 185 S. E. 777), and although it is also ordinarily not error for the party offering the testimony to state to the court in the presence of the jury what he expects to prove and his reason for offering it (*York* v. *State*, 42 *Ga. App.* 453, 456, 156 S. E. 733; *Woodward v. State*, 197 *Ga.* 60, 28 S. E. 2d 480) the situation is never exactly the same in each case, and precedents are not too helpful. In *Herring* v. *State*, 10 *Ga. App.* 88 (2) (72 S. E. 600), relied upon by counsel for the defendant in error, the statement that a mere tender of illegal testimony, where the court refuses to admit it and instructs the jury not to consider it, is not ordinarily cause for a mistrial is obiter to the extent of the statement that "the judge did all that he was required to do when he sustained the objection to the testimony" as there instructions were given to the jury. Further, evidence as to the defendant's former conviction of a similar offense was first presented by a witness for the defendant, for which reason the evidence offered on cross-examination might have been admissible in that case.

The fact that the solicitor asked his own witness, a police officer, whether he was acquainted with the defendant's reputation would definitely inform the jury that the solicitor expected the witness to testify that the defendant's character was bad, and therefore this case is on a par with those cases where an improper question is answered, a motion for mistrial is made, and the court thereafter rules out the evidence without any cautionary instructions to the jury whatever. Such action has frequently been held error. *Barfield* v. *State*, 89 *Ga. App.* 204 (79 S. E. 2d 68) ; *Terry* v. *State*, 73 *Ga. App.* 700 (37 S. E. 2d 823) ; *Johnson* v. *State*, 36 *Ga. App.* 127 (135 S. E. 492). Accordingly, the failure of the trial court, after denying the motion for mistrial, to caution the jury that the defendant's character was not in issue constitutes reversible error.

In the absence of the jury the court stated to counsel: "I will overrule the motion for a mistrial but if you want me to I will

say his character is not an issue, whichever way you want to handle it" to which counsel replied in part: "The harm has been done and you can not eradicate that, the question and the subsequent objection, from the mind of the jury." Counsel had a right to insist upon his motion for a mistrial and to refuse to settle with the court for something less. This has no bearing upon the court's duty, if the situation demanded it, to take some corrective steps with the jury.

When a motion for a mistrial is made the court may grant the mistrial or take other corrective measures less than a mistrial if the latter are sufficient for the purpose, but he should by all needful and proper instruction to the jury endeavor to remove the improper impression from their minds. *Brooks* v. *State*, 183 *Ga.* 466 (188 S. E. 711, 108 A. L. R. 752); *Baggett* v. *State*, 76 *Ga. App.* 873 (4) (47 S. E. 2d 592). This right was not waived by the conversation between counsel and the court.

■ Headnote 2 needs no elaboration. The general grounds are not passed upon as the case is to be tried again.

The trial court erred in denying the motion for new trial.

*Judgment reversed. Gardner, P. J., and Townsend, J. concur.*