44615.   DAWSON v. THE STATE.

BELL, Presiding Judge. Defendant was convicted under an indictment charging him with burglary for breaking and entering the maintenance shop of Bowdon Farm & Hatchery, Inc. with larcenous intent. Evidence on the trial showed that defendant was an employee of the hatchery company; that the company gave notice on February 14, 1969, that the employment would be terminated on Thursday, February 20, that defendant did not show up for his regular duties February 17 through 20 but worked half days Tuesday and Wednesday unloading trailers at the company's feed mill. On Thursday morning it was discovered that someone had ripped off some of the wire and plastic screen enclosing the maintenance shop and had entered and taken away a large box of tools and other property. Two stubs from paychecks issued to defendant on January 2 and January 9 were found at the place of entry, one caught in the wire and another on the ground. Defendant's rubber boots matched footprints found near the scene, but it appeared that the hatchery com-

pany furnished the same kind of boots to numerous employees to wear on the premises. The tool chest was found secreted in an outhouse behind a vacant dwelling in Burns' Quarters, the area where defendant lived. However, it did not appear that the outhouse was on defendant's premises or that it was any more accessible to him than to numerous other residents of Burns' Quarters. Defendant testified under oath that he spent Wednesday evening drinking at his aunt's house until eleven o'clock and then went home to bed and that he did not leave his own house at any time that night. This testimony was corroborated by a companion who spent the evening with defendant and by defendant's mother. On cross examination the district attorney asked defendant, "Are you willing to swear that you ain't never broke in that place?" Defendant replied, "Yes, sir. I broke in there before." Defendant's counsel immediately moved for a mistrial, which the court denied without giving any corrective instructions. The district attorney then elicited from defendant further testimony in which he admitted breaking into the building on a previous occasion but specifically denied committing the offense charged in the indictment. The sole ground of error alleged on this appeal is the court's denial of defendant's motion for a mistrial. *Held:*

Defendant's admission that he had previously broken into his employer's maintenance shop was not volunteered. The district attorney directly elicited the illegal testimony by asking a question to which defendant's answer was fully responsive. It is axiomatic that the general character of a defendant on trial for the commission of a crime and his character in other transactions is irrelevant unless the defendant himself chooses to put his character in issue. *Code* §§ 38-201, 38-202; *Bacon v. State,* 209 Ga. 261, 262 (71 SE2d 615). "On a prosecution for a particular crime, evidence which in any manner shows or tends to show that the accused has committed another crime wholly independent from that for which he is on trial, even though it be a crime of the same sort, is irrelevant and inadmissible." *Williams v. State,* 152 Ga. 498, 521 (110 SE 286); *Cawthon v. State,* 119 Ga. 395, 408 (46 SE 897); *Cox v. State,* 165 Ga. 145 (1) (139 SE 861). Where evidence of that kind is erroneously admitted, it is naturally prejudicial to the defendant and requires the grant of a new trial unless cured by sufficient corrective instructions. *Brown v. State,*

118 Ga. App. 617, 619 (165 SE2d 185). The trial court here took no action whatever, but admitted further testimony of the same kind over defendant's renewed objections. The harm to defendant is demonstrated by the guilty verdict which resulted notwithstanding the fact that the evidence, being circumstantial, was not sufficient to exclude every reasonable hypothesis except guilt. It is quite likely that the jury found against defendant because of the prior transaction and not for the offense charged in the indictment.

*Judgment reversed. Eberhardt and Deen, JJ., concur.*

Submitted July 8, 1969—Decided September 2, 1969.

*Dewey Smith,* for appellant.
*Eldridge W. Fleming, District Attorney,* for appellee.