## 46838. WOOTEN v. THE STATE.

CLARK, Judge. This appeal is from a judgment of conviction and sentence for burglary. There was evidence that a television set, a stereo phonograph, a chenille bedspread, and several other items of property were stolen from the residence of Luther McDaniel. At the close of the State's evidence, the case against Wooten rested wholly upon circumstantial evidence, the strongest aspect of which was the testimony of John C. Barton who, on the day after the burglary was found in possession of the televi-

sion, phonograph and bedspread. Barton was in the business of used television sales and repairs. The phonograph and bedspread were in his repair shop and the television set in his home. He testified for the State that Wooten had sold him the television and phonograph the previous night, that the bedspread was draped over the equipment by Wooten at the time he bought it, supposedly to protect it from damage. This testimony, if believed, placed Wooten in recent possession of stolen property which is generally sufficient to support a conviction for burglary.

Defendant elected to give this testimony under oath. During the cross examination certain facts were elicited concerning the arrest which resulted in defense attorney making a motion for mistrial which was overruled. This was enumerated as error. The pertinent portion of the transcript of the trial beginning at page 120 shows the following occurred: "Q. When did you first see these officers coming to arrest you? A. I seen a whole bunch of them pulling up there in the front yard. Q. What did you do? A. I was scared. Q. Then what did you do? A. I run. Q. Why were you scared? A. Because they had beat me up before; that's the reason. I had been beat up real bad by them. Q. By the police? A. That's right. Q. So you had had some trouble with the police before? [Defense Counsel]: Your Honor, that would be a supposition. He didn't say trouble. He had been beaten up by them. I think that is an improper question at this time. The Court: I would overrule the objection. I believe he said he had been beaten up by them, and he asked him if he had had trouble. Probably that would imply some kind of trouble. [Defense Counsel]: Your Honor, I would object to that line of questioning. I will let the State go where it wants. The Court: Yes, if he shows flight here. Of course, I am not sure, but flight would be one of the means of evidence that he might show, if he does show it. Is that your objection, going into the question of flight? [Defense Counsel]: No, sir. It is an objection as to whether or not he had had trouble with the police before. That is the

objection I am going into and I make it very strongly at this time. The Court: Of course, he volunteered his reasons for showing that he did run. He could explain his reasons. The objection might be good unless he wants to explain it. If he wants to explain it then, of course, I couldn't stop him, counsel, unless you object to him explaining it. . . . Defense Counsel: The objection is that he didn't volunteer a thing. It was elicited from him, and I take the position that the response was elicited by the State. He tried to elicit another response by saying 'You have had trouble with them' or words to that effect. The Court: I overrule the objection. He can respond to the question and, of course, if he brings out the wrong answers, I don't know that I could sustain the objection if they are not the ones that maybe are favorable to him. Go ahead, counsel, if he wants to explain it. If he wants to stop going into any other prior criminal acts, then I would certainly sustain it if it leads to that point. [Defense Counsel]: Your Honor, I would object to the comment of the court, 'prior criminal acts.' There is nothing here going to prior criminal acts before the court, and I would move for a mistrial at this time. I think the court has prejudiced us by the remark it has made in front of the jury. The Court: I am assuming that he doesn't have any. You have gotten to this point. I don't know. I am saying you can't go into putting his character in issue, if that was your main objection. [Defense Counsel]: That is what I was trying to avoid. I want to approach the bench, Your Honor. The Court: If you would put that in the record here, that his character is not in issue, then I can rule on your objection. But when you make an objection and you start talking about a third grade education and bringing out other matters, I can't rule, counsel, unless you make a proper objection. [Defense Counsel]: I just asked Your Honor if we may approach the bench to save removing the jury. I would ask that the jury be removed at this time to perfect the record and we will go into that. The Court: I overrule it.

The jury is entitled to know what transpires during the trial. I don't let them go out, counsel, as far as motions. If you have one, you can read it into the record. [Defense Counsel]: We object, Your Honor, on the grounds that the State is attempting to raise the question of the character of the accused at this time. We further object and state that the court's comment was an affirmative comment, prejudicing the defendant at this time, and we ask that there be a mistrial in the case. The Court: I overrule it. Counsel has made an improper objection. The objection has not been phrased for the court to clearly understand what counsel's objections are. I cannot rule and I was only trying to clarify as to what really you were objecting to." *Held:*

1. "On a prosecution for a particular crime, evidence which in any manner shows or tends to show that the accused has committed another crime wholly distinct, independent, and separate from that for which he is on trial, even though it be a crime of the same sort, is irrelevant and inadmissible, unless there be shown some logical connection between the two from which it can be said that proof of the one tends to establish the other." *Bacon v. State,* 209 Ga. 261 (71 SE2d 615) Such evidence obviously reflects upon the general character of the defendant which is irrelevant unless the defendant himself chooses to rely upon it. *Code* §§ 38-201, 38-202; *Green v. State,* 172 Ga. 635 (158 SE 285); *Hunter v. State,* 118 Ga. 215 (3 SE2d 729). The introduction of such element is naturally prejudicial to the defendant and requires the grant of a new trial unless cured by sufficient corrective instructions. *Dawson v. State,* 120 Ga. App. 242, 243 (170 SE2d 45); *Brown v. State,* 118 Ga. App. 617 (165 SE2d 185). In *Stanley v. State,* 94 Ga. App. 737 (96 SE2d 195), it was held prejudicial merely to ask the improper question even though it was not answered.

We are certain that comment from the court alluding to "other prior criminal acts" was a slip of the tongue. But notwithstanding that, it was in the presence of the jury

and it was prejudicial. In the context of the comment there was an assumption of other such criminal acts as fact. "When a motion for a mistrial is made the court may grant the mistrial or take other corrective measures less than a mistrial if the latter are sufficient for the purpose, but he should by all needful and proper instruction to the jury endeavor to remove the improper impression from their minds. *Brooks v. State,* 183 Ga. 466 (188 SE 711, 108 ALR 752); *Baggett v. State,* 76 Ga. App. 873 (4) (47 SE2d 592)." *Stanley v. State,* 94 Ga. App. 737, 743, supra.

The trial court erred by neither granting a mistrial nor attempting in the required legal manner to remove the prejudicial effect from the minds of the jury with proper corrective instructions. As the case against Wooten rested solely upon circumstantial evidence and in view of the result we cannot say there was no harm.

2. The remaining enumerations of error are either without merit or are not likely to arise on a new trial.

*Judgment reversed. Jordan, P. J., and Deen, J., concur.*
ARGUED JANUARY 6, 1972—DECIDED MARCH 3, 1972.

*Weiner & Bazemore, Paul S. Weiner,* for appellant.
*Ben F. Smith, District Attorney, Rex R. Ruff,* for appellee.