## 60650. HAMILTON v. THE STATE.

McMURRAY, Presiding Judge.

The defendant was indicted and tried on two separate indictments for rape and aggravated assault. Defendant was found not guilty of the rape charge and also as to aggravated assault but was convicted as to simple assault and sentenced to serve 12 months in confinement. A motion for new trial was filed, amended, and denied. Defendant appeals. *Held:*

1. The evidence was somewhat conflicting as to the incident or incidents surrounding the circumstances in which the victim was allegedly assaulted. The defendant contended the victim was an alcoholic, submitted to sexual intercourse, and any injury occurring to her was received from an injury to herself. However, from the testimony offered by the state, the jury was authorized to find therefrom that the defendant had used such physical force upon the victim that the jury could find him guilty of simple assault. After a careful review of the transcript and record, we find, and so hold, that a rational trier of fact (the jury in the case sub judice) could reasonably have found the defendant guilty beyond a reasonable doubt of the offense of simple assault. See *Driggers v. State,* 244 Ga. 160, 161 (1) (259 SE2d 133); *Moses v. State,* 245 Ga. 180, 181 (1) (263 SE2d 916); *Sanders v. State,* 246 Ga. 42 (1) (268 SE2d 628). There is no merit in the enumeration of error that the verdict was against the weight of the evidence, without evidence to support it, and contrary to the evidence and contrary to law and the principles of justice and equity.

2. The remaining enumeration of error, however, is to the denial of the defendant's motion for mistrial made when the assistant district attorney sought to place the defendant's character in evidence. The defense had presented in evidence the testimony of a private investigator with reference to his investigation of the crime and of two state's witnesses he had investigated with reference to their reputation for sobriety, veracity, and truthfulness. With reference thereto the testimony was that same was "Bad." Whereupon on cross examination the assistant district attorney asked the witness as follows: "Did you also ask about the defendant's reputation in the community? A. The defendant's reputation? Q. Yes, sir. A. No, sir. My purpose . . . was to make a decision as to

whether or not to interview . . . [the state's witnesses]." After one or two other questions the assistant district attorney returned to the question of defendant's character by asking the following: "[M]y question to you was, did you check into the defendant's character? A. No, sir." Whereupon counsel for the defendant moved for mistrial "because he's injected character . . ." Whereupon the jury was excluded and the court, after a colloquy with counsel, overruled the motion for mistrial, stating that he thought that state's counsel was "mighty close" but he was going to go with the assistant district attorney. Defense counsel then asked the court to caution the assistant district attorney "not to do that," and the court proceeded to tell the assistant district attorney "Don't do that." However, when the jury returned the assistant district attorney was not rebuked in the presence of the jury nor was the jury instructed in an endeavor to remove the improper impression from their minds, if any. In any event, the assistant district attorney did not go back to the issue of the defendant's character. "Where counsel in the hearing of the jury make statements of prejudicial matters which are not in evidence, it is the duty of the court to interpose and prevent same; and, on objection made, . . . [the court] shall also rebuke the counsel, and by all needful and proper instructions to the jury endeavor to remove the improper impression from their minds; or, in . . . [its] discretion, . . . [it] may order a mistrial . . ." Code § 81-1009. This Code section has been applied not only in situations where counsel have made improper statements or prejudicial remarks in the presence of the jury during a trial, but it also has been applied where same is made "in the form of a question." See *Ralls v. State,* 87 Ga. App. 655, 658, 660 (75 SE2d 26); *Stanley v. State,* 94 Ga. App. 737 (1), 741-743 (96 SE2d 195).

In *Dawson v. State,* 120 Ga. App. 242, 243 (170 SE2d 45), we find the following: "It is axiomatic that the general character of a defendant on trial for commission of a crime and his character in other transactions is irrelevant unless the defendant himself chooses to put his character in issue. *Code* §§ 38-201, 38-202; *Bacon v. State,* 209 Ga. 261, 262 (71 SE2d 615)." This court then reversed because no corrective measures were taken. Other cases require that where a state's attorney has through argument used improper language, highly inflammatory in character and would likely prejudice the jury against the defendant, where same was not warranted by the evidence, and a motion for mistrial is made, the trial court must either grant the motion or issue corrective instructions in ruling the testimony out. See *Manning v. State,* 13 Ga. App. 709 (79 SE 905); *Brooks v. State,* 183 Ga. 466 (188 SE 711); *Baggett v. State,* 76 Ga. App. 873 (4) (47 SE2d 592); *Wooten v. State,* 125 Ga. App. 635, 639 (1)

(188 SE2d 409).

In *Brown v. State,* 118 Ga. App. 617, 620 (165 SE2d 185), this court set forth language found in *Felton v. State,* 93 Ga. App. 48, 49 (90 SE2d 607) that "each case presents a different combination of facts, and must therefore rest on its own bottom, keeping in mind that it is the highest duty to insure a fair and impartial trial to all parties, and not to allow to be injected into the proceedings any illegal element to the prejudice of the defendant's rights in a criminal case, where his liberty and perhaps his life are at stake." It also referred to *Smoot v. State,* 146 Ga. 76, 80 (90 SE 715), that in some cases of misconduct by a solicitor "the injurious effect may be averted by appropriate action and instructions from the court (Code § 81-1009); but what would be sufficient in any case would depend on the character of the . . . [remarks] . . ., the nature of the case, and the action or instructions from the court relied on to counteract the injurious effect of the . . . [improper remarks]."

In the case sub judice the trial court took no corrective action whatsoever in overruling the motion for mistrial, merely advising that he thought "[y]ou're just as wrong as you can be, Mr. D. A." In *Stanley v. State,* 94 Ga. App. 737 (1), supra, this court held that where during the trial of a defendant in a criminal case "a mistrial is moved by counsel for the defendant because of a question by the solicitor-general to one of the State's witnesses, where the defendant's character was not in issue and the question attempted to place his character in issue in a manner obviously prejudicial to the defendant, the court should have interposed and at least cautioned the jury to disregard the question, or rebuked the solicitor or in some manner endeavored to remove the improper impression from their minds. Failure to either grant the motion or give any proper cautionary instructions constituted reversible error."

The trial court here, realizing the dangerous ground upon which the assistant district attorney was treading in two instances, should have taken such alternative action in this case. Under the circumstances here a new trial is required.

*Judgment reversed. Smith and Banke, JJ., concur.*

SUBMITTED SEPTEMBER 5, 1980 — DECIDED SEPTEMBER 22, 1980.

*John J. Sullivan, Gilbert L. Stacy,* for appellant.
*Andrew J. Ryan, III, District Attorney, Robert M. Hitch, III, Assistant District Attorney,* for appellee.