## 63114. NATIONS v. THE STATE.

BANKE, Judge.

The defendant was convicted of aiding the escape of another. The state's evidence showed that the defendant was a passenger in a car also occupied by co-defendants Smith and Kraus. The car was stopped by an officer for a violation, and a scuffle broke out between the officer and Kraus. While the officer was occupied with Kraus, the defendant made several moves to reach for the officer's pistol. The pistol eventually became dislodged from its holster and fell to the ground. The defendant retrieved it and gave it to Smith. Smith then used the weapon to free Kraus, and the two then fled. The defendant contends on appeal that the verdict was unsupported by the evidence. *Held:*

1. Our review of the record convinces us that a rational trier of fact could reasonably have found proof of the essential elements of the crime charged beyond a reasonable doubt. See generally *Baldwin v. State,* 153 Ga. App. 35, 37 (264 SE2d 528) (1980).

2. A motion for mistrial was prompted by the state's attorney's comment in closing argument on the defendant's failure to introduce an item of evidence. The defendant contends that reversal is required because the comment was an impermissible reference to the defendant's failure to testify. This enumeration of error is without merit. The comment was not directed to the defendant's failure to testify.

3. We have carefully considered the defendant's remaining enumerations of error and find they are without merit.

*Judgment affirmed. Deen, P. J., concurs. Carley, J., concurs specially.*

DECIDED FEBRUARY 8, 1982.

*James M. Rea,* for appellant.
*V. D. Stockton, District Attorney, Michael H. Crawford, Assistant District Attorney,* for appellee.

CARLEY, Judge concurring specially.

I concur in the judgment affirming appellant's conviction. I also agree with the majority's resolution of the enumerations discussed in Divisions 1 and 2 of the majority opinion. However, in my opinion, one of the "remaining enumerations of error" collectively found to be without merit by Division 3 of the majority opinion deserves some discussion: The officer who made the arrest of appellant testified that because the appellant attempted to strike the officer, he had to subdue the appellant and in so doing struck the appellant with a blackjack. Evidently the appellant, throughout the trial, contended that the officer used excessive force. In this connection, the state contends that the appellant's attorney displayed to the jury an oversized blackjack during his opening statement to the jury and during the cross-examination of the arresting officer. During this cross-examination, the district attorney — who had not previously participated in the trial — entered the courtroom slapping in his hand a blackjack smaller than the one displayed by defense counsel and of the size the state later contended more nearly resembled the blackjack used by the officer. As a result of this conduct by the district attorney during appellant's counsel's attempted cross-examination of the officer, appellant's counsel objected. In respone to this objection the district attorney stated, in the presence of the jury, that because he had observed the defendant's attorney "waving an item over here twice as big, and twice as heavy . . ." as the one purportedly utilized by the officer, he "went out and borrowed one . . ." which "was the same size" as the one he used and "brought it to [the assistant D.A. trying the case] where he could show the jury that they only had been trying to be prejudiced by showing this one . . ." Appellant's counsel's objection and motion for mistrial were based upon the alleged misconduct and improper "testimony" of the district attorney. Although the trial court did give some curative jury instructions, he denied the motion for mistrial and did not rebuke the district attorney. Appellant enumerates as error the failure to grant the mistrial and the trial court's refusal to rebuke the district attorney.

I believe that any disruption of the regular trial process by any counsel for any party is inexcusable and should not be tolerated. The facts which are relevant to the issues before a jury should be exposed and revealed to that jury only through the orderly evidentiary

process. "Where counsel in the hearing of the jury makes statements of prejudicial matters which are not in evidence, it is the duty of the judge to interpose and prevent the same; and, on objection made, he shall also rebuke the counsel, and by all needful and proper instructions to the jury endeavor to remove the improper impression from their minds; or, in his discretion, he may order a mistrial if the plaintiff's attorney or the solicitor-general in a criminal case is the offender." *Baggett v. State,* 76 Ga. App. 873 (4) (47 SE2d 592). Thus, I believe that, when objection was made by appellant's counsel, the trial court should have in some manner admonished the district attorney. However the failure of the trial court to deliver any rebuke cannot be considered by us to be reversible error because, after the trial court gave some curative instructions to the jury, the appellant failed to renew his objection or his motion for mistrial. *Whitaker v. State,* 246 Ga. 163, 167 (269 SE2d 436) (1980). Thus I agree with the majority that this enumeration is without merit.