for appellant.
*Walter M. Britt,* for appellee.

## A89A0978. RIVAIS v. THE STATE.
(384 SE2d 200)

SOGNIER, Judge.

Verna J. Rivais was convicted of pimping and keeping a place of prostitution, and she filed this appeal.

1. In two enumerations of error appellant contends the trial court erred by denying her motion for mistrial.

The record reveals that during Detective C. A. Wood's trial testimony regarding appellant's arrest and the subsequent consensual search of her apartment, the prosecutor asked, "which items did you personally seize [during the search]?" Wood responded that he "seized cocaine," at which point appellant's counsel interrupted and moved for a mistrial. The trial judge denied the motion and gave extensive curative instructions to the jury, and appellant's counsel then renewed the mistrial motion.

Appellant contends this testimony was deliberately elicited by the State to place her character into evidence, and that its admission was so prejudicial as to require the grant of a mistrial. We do not agree. While evidence of a defendant's prior crimes or other bad acts ordinarily is inadmissible, *Dawson v. State,* 120 Ga. App. 242, 243 (170 SE2d 45) (1969), and "[w]here evidence of that kind is erroneously admitted, it is naturally prejudicial to the defendant and requires the grant of a new trial unless cured by sufficient corrective instructions, [cit.]" id., in the case at bar, given the trial judge's careful and thorough curative instructions, "[w]e do not find that the officer's improper comments in the presence of the jury were so prejudicial that the curative instructions by the court were ineffective." *Spraggins v. State,* 240 Ga. 759, 762 (2) (243 SE2d 20) (1978). Further, unlike *Dawson,* supra, cited by appellant, here there is no evidence that the prosecutor solicited the challenged testimony or sought to do indirectly what could not be done directly. Accordingly we find the trial court did not abuse its discretion by refusing to grant the motion for mistrial. See *Spraggins,* supra at 762 (2).

2. Appellant also contends the trial court erroneously admitted into evidence State's Exhibits 5-6 and 11-18, which appellant argues were too remote in time and location to be relevant.

"When facts are such that the jury, if permitted to hear them, may or may not make an inference pertinent to the issue, according to the view which they may take of them in connection with the other facts in evidence, they are such that the jury ought to be permitted to

hear them. [Cits.] . . . Any evidence is relevant which logically tends to prove or to disprove a material fact which is at issue on the case, and every act or circumstance serving to elucidate or to throw light upon a material issue or issues is relevant. [Cit.]" *Chambers v. State*, 154 Ga. App. 620, 627 (4) (269 SE2d 42) (1980). Exhibits 5 and 6, sexual paraphernalia found in a hall closet of the apartment, and Exhibits 11-17, sexually explicit magazines and flyers (several of which contained pictures of and solicitations from appellant) and a letter written in response to one of appellant's magazine ads, were relevant to show appellant's predisposition to commit the charged offenses of pimping, prostitution, and keeping a place of prostitution, as well as to show the control of the premises required under OCGA § 16-6-10. Exhibit 18, a copy of a telephone book page showing a listing for appellant at the apartment, also was relevant to the issue of control. We find no error in the admission of these exhibits.

*Judgment affirmed. Banke, P. J., and Pope, J., concur.*

DECIDED JUNE 20, 1989 —

Pimping, etc. Cobb State Court. Before Judge McDuff.

*William V. Hall, Jr.*, for appellant.

*Patrick H. Head, Solicitor, Melodie H. Clayton, J. William Morse, Assistant Solicitors*, for appellee.