WARE *v.* THE STATE.

1. The principle that acquiescence or silence, when the circumstances require an answer or denial, may amount to an admission, has no application to a criminal cause where a person accused by another with the commission of an offense, immediately denies all knowledge of, or complicity in, its commission, even though such denial be in general terms and does not in detail extend to each of the minor incriminating circumstances charged against him.   Such a case not being one showing silence by the accused under accusation, the court, if any charge with reference to this subject is given, should thereby withdraw entirely from the consideration of the jury the whole subject of implied admissions; and a charge which, under such circumstances, leaves open to their consideration the effect of alleged admissions by silence, is erroneous.

2. Upon the trial of a criminal case, where the principal incriminating evidence against the accused is purely circumstantial, consisting almost entirely of a similarity between certain tracks alleged to have been discovered near the scene of the crime and other tracks at other places shown to have been made by the accused, all of which indicated a like peculiarity in the shape of the boot or shoe with which they must have been made, a charge to the jury, that in a case where there is nothing more than mere tracks, they would not be authorized to find the defendant guilty, unless there is some peculiarity

about the tracks, is erroneous under section 3248 of the code, as expressing and intimating an opinion upon the weight of the evidence.

July 8, 1895.

Indictment for murder. Before Judge KIMSEY. Hall superior court. January term, 1895.

H. H. DEAN and H. P. ESTES, for plaintiff in error.

J. M. TERRELL, attorney-general, and HOWARD THOMPSON, solicitor-general, *contra.*

ATKINSON, Justice.

1. The defendant was indicted for the offense of murder. The indictment contained two counts, one alleging that the murder was committed by burning up the dwelling-house of the deceased and killing her in the commisson of the arson, and the other count alleging that the homicide was committed with an ax. Upon the trial of the case, the testimony was purely circumstantial, consisting almost exclusively of tracks, and this latter class of testimony was the only character of evidence relied upon to convict the defendant of the commission of the homicide. Upon the trial of the case, a witness called for the State was permitted to testify that in the presence of the defendant he accused him of the commission of the offense, and proceeded with great circumstantiality to detail a supposed set of facts which he stated to be of his own knowledge, and at the conclusion of his statement, stated to the defendant, "You killed her with an ax." It was shown by this same witness that the defendant immediately denied killing the woman with an ax; and upon cross-examination the same witness testified, that when he charged the defendant with the commission of the homicide, as above stated, he immediately denied all knowledge of it, and denied that he committed the offense in any way. Upon this state of facts, the court charged the jury as follows: "The law says silence, when the circumstances require

an answer or denial or other conduct, may amount to an admission. Now it is claimed in this case that the defendant made an admission to one of the officers, to the coroner perhaps. In the case of sayings by others— now, for instance, the statement made by one of the witnesses, that he went on to tell this defendant where he was on a certain night, and that he made the track, and that he did the killing in a certain way,—I did allow that to come before you, not as testimony, except as far as this defendant may have assented to the truth of it; and I charge you to consider that evidence carefully to see whether he did or not, or whether he denied it. It must affirmatively appear that he heard the saying or statement, and that he assented to it, either expressly or by his silence. The assent must be shown in some way before the saying is admissible. If you don't believe that he assented to it, then I charge you that all the testimony on that subject is inadmissible—you would not consider it at all." Exception was taken to this charge, as being an improper presentation of the question made. The law says that silence or acquiescence may, under certain circumstances, amount to a confession. Those circumstances are stated to be, where an answer is required and none is made, mere silence or acquiescence may amount to a confession. But there is no authority for the proposition anywhere, so far as we have been able to discover, that authorizes the circumstance of acquiescence or silence to be weighed against a person charged with the commission of an offense, when, immediately upon the accusation, he makes a flat denial of any knowledge of or complicity in the offense whatever. Such a denial is a disavowal of the act as his act; and though he may not in detail deny each minor incriminating circumstance which may be charged against him, his general denial is sufficient to exclude the idea of an implied admission. For these reasons, this testimony ought

to have been ruled out, but, in the absence of a motion to rule it out, the court, in instructing the jury as to its force and effect, should have withdrawn it absolutely from their consideration. The law does not favor convictions based upon confessions, and least of all, upon implied confessions.

2. Section 3248 of the code requires the granting of a new trial in all cases where the circuit judge upon the trial of a case expresses or intimates an opinion upon the weight of the evidence. This is a matter exclusively for the jury. In the present case, as has been above stated, the testimony was entirely circumstantial, and consisted to a great extent of comparative similarity between the shape of the track made by a boot upon the defendant's foot, and tracks found near the scene of the homicide. There was a peculiarity about the track made by the defendant. There was a similar peculiarity about the track made at the scene of the homicide. The court charged the jury that a mere similarity in tracks alone would not be sufficient to sustain a conviction of the defendant, unless there was a peculiarity about the track. The effect of this charge was a direct intimation to the jury, but presumably wholly unintended, that if there was a peculiarity about the track, then mere tracks would be sufficient to justify a conviction. The vice of the instruction consists in telling the jury at all what evidence would be sufficient to convict. Upon this point, jurors are not required to consult the court, nor is the court authorized to give them the benefit of its advice. They are the exclusive judges of the evidence. They are the ministers chosen of the law to deal with these questions of fact. The evidence is sufficient whenever there is enough of it to generate in the mind of the jury a belief beyond a reasonable doubt of the guilt of the accused. If it falls short of generating in their minds this degree of

certainty as to the guilt of the defendant, they ought not to convict, although the court may be of the impression that a minor degree of evidence would be sufficient to that purpose. The charge of the court in thus intimating an opinion upon the weight of the evidence was a violation of the section of the code now under consideration, and under the positive mandate of that section, we have no other election than to direct a new trial.

*Judgment reversed.*