### 3294. LINDSEY *v.* THE STATE.

HILL, C. J. 1. An accusation charging larceny from the house described the property alleged to have been stolen therefrom as being "125 pounds of upland or short cotton in the seed, of the value of $5, the personal property of Dan Connell." *Held,* this description is sufficiently definite, and there was no error in overruling a special demurrer thereto.

2. An allegation in an accusation of larceny from the house that the house from which the property was alleged to have been stolen was "the dwelling-house of Dan Connell" is *not supported by proof* that the house in question, although owned by Dan Connell, was in fact not occupied by him as his dwelling-house at the time of the larceny, but, if a dwelling-house of any one, was that of his tenant. The ownership of a dwelling-house, in so far as larceny is concerned, is in the one who actually occupies the house as a dwelling, whether as tenant or lessee, although the title to the fee may be in another person. *Trice* v. *State,* 116 *Ga.* 602 (42 S. E. 1008), and cases cited; 10 Am. & Eng. Enc. of Law (2d ed.), 353.

3. Testimony that at or near the scene of the crime footprints of a man were found, corresponding with tracks made by the accused, is admissible in evidence; and it may also be shown that tracks of a horse, observed near the scene of the crime, correspond with the tracks of a horse in the possession of the accused. 3 Enc. Ev. 134. This character of circumstantial evidence, however, is not usually sufficient to authorize

a conviction, unless there is some peculiarity in the tracks, either of the man or of the horse, sufficient to distinguish them from the tracks of other men or other horses, and to clearly identify them as the tracks of the accused or his horse. *Shannon* v. *State*, 57 *Ga.* 482; *McDaniel* v. *State*, 53 *Ga.* 254; *Cummings* v. *State*, 110 *Ga.* 293 (35 S. E. 117); *Ware* v. *State*, 96 *Ga.* 349 (23 S. E. 410); *Patton* v. *State*, 117 *Ga.* 235 (43 S. E. 533).

4. The evidence against the accused is entirely circumstantial, and barely measures up to the standard of conclusiveness legally required of this character of proof. There are circumstances that point to the guilt of the accused, and it was for the jury to determine whether they were sufficient to exclude 'every reasonable hypothesis of his innocence. Another trial is granted, because of the fatal variance between the allegata and the probata set out in the second headnote.

*Judgment reversed.*

DECIDED APRIL 24, 1911.

Accusation of larceny from house; from city court of Nashville—Judge Buie. February 11, 1911.

*J. W. Powell, J. P. Knight,* for plaintiff in error.

*J. H. Gary, solicitor,* contra.