29264.   HALL *v.* THE STATE.

DECIDED FEBRUARY 26, 1942.

656

W. G. *Neville,* for plaintiff in error.

B. H. *Ramsey, solicitor,* contra.

GARDNER, J. As to the general grounds, we think the evidence abundantly supported the verdict. The first ground of the amended motion complains that the evidence above set out in substance was wholly circumstantial, and that the court, without a

written request, should have charged the law of circumstantial evidence. We do not think the evidence was wholly circumstantial. This being so, failure to charge the law of circumstantial evidence in the absence of a written request was not error. Special grounds 2 and 3 complain that the court should have charged the following part of the law governing said offense: "Intended for sale in this State except for delivery to a State warehouse provided for in this section." This contention is without merit.

Ground 4 complains of the court's charge to the effect that if the jury believed that the defendant, under the law, illegally possessed the whisky as charged they would be authorized to convict him. However, the court later, almost immediately, corrected this by calling the jury's attention to the error, and further instructing them to the effect that he should have instructed them, and meant to instruct them, as to the possession and transporting of the whisky as alleged in the accusation. This ground is without merit.

The judge did not err in overruling the motion for new trial.

*Judgment affirmed. Broyles, C. J., concurs.*

MacIntyre, J. dissenting. I can not agree with the majority opinion. The evidence connecting the defendant with the whisky was circumstantial. It appears that the automobile in which the defendant was riding was seen to turn off of the public highway into a side road. A few minutes later the officers who were following the defendant came to the point where the defendant turned off the public highway and sought to connect the defendant with certain moonshine whisky by tracing automobile and foot tracks to a point some distance from the public road, down the side road, and eight or nine steps from the side road, in some bushes and small trees where the moonshine whisky in question was found in a ten-gallon keg. This occurred at night, and the place where the whisky was found was not on the premises of the defendant, or in an inclosure, but was near the settlement road which ran from the public road, and close to the whisky on one side was the home of one Jessie White, and on the other was a tobacco bed. It seems to me it is going too far to say that the tracks of the automobile, which disclosed no peculiar mark to identify them as the tracks of any particular automobile, were the tracks of the defendant's car, and not the tracks of some other automobile that had gone to the house of White, or to the tobacco bed. Nor were

there any marks by which the foot-tracks could be identified. "Many a man has been convicted of a crime on proof of the identity of tracks; but foot-tracks alone would never be sufficient. [Citations.] It must be shown, not only that the foot of the accused fitted into the track, but that there was something peculiar about it, which distinguished it from those of other people." *Patton* v. *State*, 117 *Ga.* 230, 235 (43 S. E. 533). Applying the rule in the *Patton* case to the evidence above, this character of circumstantial evidence was not, in my opinion, sufficient to support a conviction where there was nothing peculiar in the tracks, either of the man or the automobile, to distinguish them from the tracks of other men or other automobiles that could have been in that neighborhood, and to clearly identify them as the tracks of the accused or of his automobile. *Lindsey* v. *State*, 9 *Ga. App.* 299, 300 (70 S. E. 1114). There was nothing in the evidence to supply the defect that there was no peculiarity in either the track of the man or that of the automobile. *Patton* v. *State*, supra. I do not think the evidence authorized the verdict. I think the judge erred in overruling the motion for new trial.