### 37741. WOODY *et al.* v. STATE.

CARLISLE, Judge. 1. Where the only evidence showed that the defendants herein were apprehended by the police in Chattanooga, Tennessee, in the company of two other individuals, all of whom had been riding in an automobile together, which belonged to one of the other individuals, and in which the police found articles of personal property which had been taken in a burglary committed a short while prior thereto at Chatsworth, Georgia; and, where there was no other direct evidence tending to connect the defendants here with the commission of the crime, the other two individuals referred to, having prior to the trial of this case, pleaded guilty to the offense of burglary and having been sentenced; and, where in their statements to the jury the defendants said that they had been riding in the automobile wherein the stolen articles were found with the other two individuals and related a series of events which included that they rode in the automobile to or near to the scene of the burglary, and that they waited in the automobile while the other two left the automobile and were gone some time but that they did not know where the other two had gone or what they were doing, and that the other two upon returning placed articles in the trunk of the automobile which were in sacks or bags, and that the defendants were afforded no opportunity to know, and did not know, what was in the sacks or the bags; and, where there was no other direct evidence tending to show that the defendants here had knowledge of what was in the sacks or bags prior to the time they were apprehended by the police, the evidence was insufficient to exclude every other reasonable hypothesis, save that of the guilt of the defendants, and was insufficient to sustain their conviction of the charge of burglary. Code § 38-109.

2. Where there was evidence by one of the police officers who had the defendants and the other individuals in custody at the

police station in Chattanooga, Tennessee, that while they were in custody and together that one of the individuals who later pleaded guilty and had been sentenced stated in the presence and hearing of the defendants that they might as well all admit their guilt as they were all in it together, or words to a similar effect, which statement the defendants failed to deny, it not being shown by this testimony or any other evidence in the case, that the defendants knew at that time that they were being charged with any crime, or, if so, that they knew what crime they were charged with, or that they had any technical knowledge of the elements essential to proof of their guilt, the evidence of their failure to make a denial of that statement under these circumstances was not a sufficient corroboration of the other circumstantial evidence in the case to authorize a verdict of guilty. See *Hannah* v. *State*, 212 *Ga.* 313, 317 (92 S. E. 2d 89).

3. It follows that the trial judge erred in overruling the general grounds of the motion for a new trial.

*Judgment reversed. Gardner, P. J., and Townsend, J., concur.*

DECIDED JULY 14, 1959.

*R. Pruden Herndon*, for plaintiffs in error.
*R. F. Chance, Solicitor-General*, contra.

