### 39928. FOSTER v. KELLY.

FRANKUM, Judge. 1. The court will take judicial cognizance of who are the incumbents in State and county offices required by law to be commissioned by the Governor, and the signature of one who occupies such an office certifying as to the correctness of the copy of a document on file in his office is sufficient authentication of such copy so as to make it admissible in evidence. *Vickery v. Benson,* 26 Ga. 582 (1); *Harden v. Webster, Parmalee & Co.,* 29 Ga. 427, 428 (1); *Ponder v. Shumans,* 80 Ga. 505, 507 (2) (5 SE 502); *McMillan v. Savannah Guano Co.,* 133 Ga. 760 (3) (66 SE 943). The tax commissioners of the various counties are among those whose commissions are issued under executive seal. *Code* § 89-202.

2. Under the foregoing authorities, a copy of an application for an automobile license tag purportedly signed by the defendant as owner, which copy was certified over the signature of the tax commissioner of the county of the defendant's residence as being a true and correct one, and a copy of a tax return purportedly filed by the defendant and showing thereon as a

part of the property returned by him an automobile testified to by a witness for the defendant as being the one in question, which document carried the statement, "Certified Copy of Tax Return as Filed in My Office. Robert E. Coleman, Tax Comm.", were admissible in evidence over the objection that these documents were not properly authenticated. The other objection to this evidence, that it was irrelevant and immaterial and had no probative value as to the ownership of the automobile in question, was not a sufficient objection to authorize its exclusion. *Holland v. Ryals,* 41 Ga. App. 280 (2) (152 SE 852); *Cowart v. Gunn,* 90 Ga. App. 680, 685 (5) (83 SE2d 832). The first special ground of the motion does not show error.

3. The second special ground of the motion complains of a portion of the charge on the ground that the court used therein the word "by" for the word "for." The charge transmitted to this court as a part of the record shows that the word "for" was used in the portion of the charge thus complained of. In cases of conflict between the facts recited in the motion for a new trial and the record, the record prevails. *James v. Hudson,* 170 Ga. 321, 322 (1) (152 SE 829). Assuming that the substitution of words would have been error, as contended in this ground, the record fails to support the factual basis for the claimed error and the assignment is therefore without merit.

4. (a) It is error for the trial judge in his charge to express or intimate his opinion as to what has or has not been proved, and a violation of this rule makes the grant of a new trial mandatory. *Code* § 81-1104. Where one of the principal issues related to whether the automobile which struck the plaintiff was owned by the defendant and furnished by him as a family purpose vehicle to the driver, who was his minor son, living in his household, it was error for the court to charge, as complained of in special ground 3 of the motion, so as to assume therein that the vehicle in question was the defendant's. This error was not cured by the fact that the judge elsewhere instructed the jury that he had not intended to, and did not intimate, hint, or suggest to the jury in his charge which of the parties should prevail in the case, but on the contrary it was emphasized by the fact that the court immediately preceding the charge complained of had instructed the jury that if they found from the evidence "that

*defendant's vehicle* was not stopped in its forward motion when *defendant's driver* saw, or by the exercise of ordinary care could have seen, the plaintiff," and that by stopping he could have avoided hitting the plaintiff he would be guilty of negligence per se. Examination of the entire charge shows also that the court in several other places charged the jury in such a fashion as to assume that the ownership of the automobile in question was in the defendant, and the charge here complained of, when considered in its context, was erroneous and especially harmful to the defendant.

(b) The portion of the charge complained of in special ground 3 was also error in that it assumed as a fact that the driver of the automobile which struck the plaintiff saw her crossing the street. While the defendant's witness and the driver of the car that struck the plaintiff did not deny that he saw the plaintiff standing on the curb, the substance of his testimony was that the plaintiff suddenly stepped in front of his automobile as he was executing a turn in the intersection. His testimony cannot be construed as an admission that he saw her crossing the street, and the portion of the charge which assumed that he did see her crossing the street was error as an expression of opinion on the facts by the trial judge.

5. The final special ground complains of the following portion of the charge as not being sound as an abstract principle of law: "I further charge you that generally speaking it should be the practice of parents to provide their children helpful and innocent amusement and recreation, and certainly it is as much the business of the parent to supervise and control the pleasures of their children as it is to give them nurture and education." While this language was inapt and had no place in a charge to the jury it was not abstractly incorrect and for this reason it was not reversible error for the judge to so charge the jury. See *Griffin v. Russell*, 144 Ga. 275, 279 (87 SE 10, LRA 1916F 216, AC 1917D 994).

6. With respect to the motion for a judgment notwithstanding the verdict and the general grounds of the motion for new trial it is sufficient to say that the evidence did not demand a verdict for the defendant but presented conflicting issues of fact for decision by the jury.

*Judgment reversed. Nichols, P. J., and Jordan, J., concur.*

Decided April 10, 1963—Rehearing denied April 29, 1963, and May 22, 1963.

804

*Albert B. Wallace,* for plaintiff in error.
*Parker, Howard & Parker, Melvin Pazol,* contra.