## 42342. SMALLWOOD v. THE STATE.

SUBMITTED OCTOBER 3, 1966—DECIDED OCTOBER 11, 1966.

*Joseph H. Blackshear, Reed & Dunn, Robert J. Reed, Elliott Dunn, Jr.,* for appellant.

*Jeff C. Wayne, Solicitor General, Frank C. Strickland, Jr.,* for appellee.

NICHOLS, Presiding Judge. ■ " 'Verbal absurdities will not render an indictment or other pleadings subject to demurrer, where the language, taken as a whole, nevertheless clearly, adequately, and definitely charges a crime.' *Mixon v. State,* 7 Ga. App. 805, 806 (68 SE 315)." *Middlebrooks v. State,* 107 Ga. App. 587 (1) (130 SE2d 798). The defendant was charged with possessing nontax-paid liquor and under the decisions in *Jenkins v. State,* 93 Ga. App. 360, 363 (92 SE2d 43) and *Martin v. State,* 96 Ga. App. 557 (100 SE2d 645), the trial court did not err in overruling the defendant's demurrers to the indictment.

■ During the trial of the case the State's witness C. J. Lynch testified that he saw the defendant approach a "stash" of nontax-paid whiskey and pour some from a large container into a smaller container, that he called the defendant by name although he did not know him personally. When asked why he called him by name the witness replied: "Well, I knew where I was going to

make my investigation and I knew who I was supposed to find at the stash or who I was supposed . . ." At this point the defendant's counsel objected on the ground that the testimony of this witness was a conclusion and highly prejudicial. The trial court sustained the objection and counsel for the defendant then moved for a mistrial. This motion was overruled and is the basis of the defendant's second enumeration of error.

*Code* § 38-302 provides: "When, in a legal investigation, information, conversations, letters and replies, and similar evidence are facts to explain conduct and ascertain motives, they shall be admitted in evidence, not as hearsay, but as original evidence." Under this Code section and cases exemplified by *Phillips v. State*, 206 Ga. 418 (57 SE2d 555), and cases there cited, the testimony of the State's witness explaining his conduct in calling the defendant by name was admissible evidence which the trial court, on motion of the defendant, excluded. Accordingly, there was no error in thereafter overruling the defendant's motion for a mistrial.

■ "Identity is a question for the trior of fact, and where a witness identifies a defendant (whether the identification be based on the defendant's eyes, clothes, hairline, or some intangible factor not capable of description), the credibility of the witness making such identification is not to be decided by this court." *Strickland v. Mayor &c. of Athens*, 111 Ga. App. 280 (2) (141 SE2d 594). The State's witness identified the defendant as the person possessing the liquor, while the defendant, as well as his witnesses, sought to prove that the defendant was not the person at the "stash" of liquor. Such evidence presented a question for the jury as to identity, and it cannot be said that the verdict was not authorized by the evidence.

*Judgment affirmed. Hall and Deen, JJ., concur.*