## 46748.   ALDRIDGE v. THE STATE.

DEEN, Judge. The accused, indicted and tried for burglary and receiving stolen goods, was acquitted of the offense of burglary, and appeals his conviction and sentence for receiving the fruits of the burglary. *Held:*

1. Under the indictment and the evidence, the offense occurred before July 1, 1969, and the trial judge properly defined the offense and the limits of punishment in the language of the law in effect at that time, and not under the present law which became effective on July 1, 1969.

2. The contention that the State failed to prove a corpus delicti is without merit. The evidence is clear as to a burglary committed by someone in which the weapons were stolen, and that the accused was in possession of the weapons thereafter under circumstances from which scienter could be inferred.

3. Under the ruling in *Austin v. State,* 89 Ga. App. 866 (1) (81 SE2d 508), involving an analogous situation, the extrajudicial statements of the accused in the present case showing where he received the stolen weapons, as corroborated by direct evidence that this geographical location

is in Bibb County, at a place where the accused was and could have received the weapons is sufficient to establish venue in Bibb County. The mere fact that it appears by direct testimony that the accused was in possession of the stolen weapons in another county does not warrant a contrary inference.

4. There is no merit in the contention that under the evidence in this case it was incumbent on the trial judge to instruct on the provisions of *Code* § 38-420 in the absence of a request. There was no extrajudicial confession as such, and the accused's extrajudicial statements support the conviction only in respect to venue and scienter, and, with regard to the latter, the fact that he disposed of the weapons at bargain prices, as proved by direct testimony, is one of a number of circumstances tending to establish scienter without resort to any extrajudicial statement.

5. A State's witness, Harris, a county detective, stated in the course of examination that the defendant along with a city detective, Finney, came to his office with an offer to help locate certain missing weapons and the persons who had stolen them, and that Finney told him that Aldridge "knows a lot of criminals and burglars he could help us with if he would just tell us." Finney, who testified, was never asked whether he had in fact made such a statement. Aldridge was present at the conference but Harris did not indicate that he heard this remark if made, and on the contrary stated that Aldridge and Finney were talking at the same time. Other evidence shows Aldridge to have been a car dealer, not an occupation which would explain a licit acquaintance on his part with "a lot of criminals and burglars," and Finney's own explanation later in the trial of why he had brought Aldridge to Harris' office was because "his family came from Peach County and he could cover people fast." The objection, that the statement placed the defendant's character in issue, was overruled without further comment by the trial court.

It is quite clear from the testimony as a whole that the

State hoped to use this conference, voluntarily proposed by Aldridge and Finney, as part of its case to prove that Aldridge at the least had guilty knowledge if he was not in fact the perpetrator of the burglaries as charged. Under these circumstances, Finney's statement as related by Harris certainly tended to put Aldridge's character in issue as one who consorted with thieves and criminals. It could not be taken as an implied admission on Aldridge's part because it is not even established that Aldridge was in a position to hear it. "Silence can be taken as an implied admission only where the circumstances are such as to demand a reply. *Ware v. State,* 96 Ga. 349 (23 SE 410); *Rosborough v. State,* 209 Ga. 362 (72 SE2d 717)." *Hannah v. State,* 212 Ga. 313, 317 (92 SE2d 89); *Woody v. State,* 99 Ga. App. 857 (109 SE2d 896).

"When a motion for a mistrial is made the court may grant the mistrial or take other corrective measures less than a mistrial if the latter are sufficient for the purpose, but he should by all needful and proper instruction to the jury endeavor to remove the improper impression from their minds. *Brooks v. State,* 183 Ga. 466 (188 SE 711, 108 ALR 752); *Baggett v. State,* 76 Ga. App. 873 (4) (47 SE2d 592)." *Stanley v. State,* 94 Ga. App. 737, 742 (96 SE2d 195). The court should have recognized when the motion was made that the statement had no probative value and that it tended to put the defendant's character in issue, and, in the event he did not feel the statement demanded a mistrial, have taken other measures to assure that the testimony be stricken and its effect expunged from the mind of the jury. In the absence of any corrective measures whatever, the error is such as to require reversal.

6. Recent possession of stolen goods unexplained to the satisfaction of the jury authorizes an inference of guilt as to the burglary charge, but not the charge of knowingly receiving the goods unless the State also proves scienter. *Craft v. State,* 121 Ga. App. 70 (1) (172 SE2d 870). Where, as here, the indictment is in two counts, care should be taken that the jury understands this distinc-

tion. The court having particularly instructed that, as to the second count, the jury must find that the defendant received the goods knowing them to have been stolen, the instruction as to the inference of guilt from possession which was given in connection with the burglary count only was without error.

7. The offense of which the accused stands convicted was neither prosecuted nor defended under any theory of conspiracy, and the mere fact that the direct testimony connecting the accused with the offense is that of one who testified the accused came to him with the weapons and sought his help in selling them, after explaining his possession to the witness in a manner which would cause the witness to believe that the accused had acquired the weapons in a legitimate manner, discloses no basis for instructions on conspiracy without request.

8. The remaining contentions are without merit.

*Judgment reversed. Pannell, Quillian, Evans and Clark, JJ., concur. Bell, C. J., Jordan, P. J., Hall, P. J., and Eberhardt, J., dissent.*

ARGUED JANUARY 5, 1972—DECIDED MARCH 9, 1972.

*O. L. Crumbley,* for appellant.

*Jack J. Gautier, District Attorney, Fred M. Hasty, W. Donald Thompson,* for appellee.

JORDAN, Presiding Judge, dissenting. I cannot agree that this case should be reversed for the reasons set forth in Division 5 of the opinion and therefore file this dissent. The statement objected to was purportedly made at a conference arranged by the defendant and his friend Finney with the sheriff and Deputy Sheriff Harris for the avowed purpose of seeking immunity for the defendant in exchange for his help and information about the crime. These four men, including the defendant, were present in the sheriff's office, when according to Deputy Harris, Finney, the defendant's friend, stated that the defendant "knows lots of burglars, knows lots of criminals and burglars he could help us with

if he would just tell us." While the majority opinion indicates that the defendant might not have heard this remark by his friend, there appears no reason why he should not have heard the statement nor does there appear any reason for him to have objected thereto since it came from the mouth of his would-be benefactor. Indeed, it was made for the sole purpose of laying the foundation to support the deal they hoped to make. The defendant wanted to trade his knowledge and information about the crime to "save his own hide." We note that Finney testified at the trial and did not deny making such a statement. The defendant himself in his sworn statement never denied that Finney made such a statement at the conference and more or less corroborated the evidence of such when he said, "I knew the people in Ft. Valley that was involved in the deal and I figured I could help them solve the problem maybe you know, and find the guns. I told them to make a deal. . ."

Here from the mouth of the defendant he admits knowing the burglars (as the sheriff testified that he told them at the conference) and admitted offering his help to the officers if they "would make a deal."

Thus had the trial judge excluded the testimony of the deputy sheriff concerning the alleged statement, there was before the jury substantially the same statement directly from the mouth of the defendant. For this reason he cannot be heard to complain. Any error was clearly waived under the facts of this case. See *Brown v. State,* 122 Ga. App. 570 (3d) (777 SE2d 801).

The defendant was fairly tried and convicted, there being ample evidence of his guilt. He is not entitled to the grant of a new trial by this court for any reason. I would affirm.

I am authorized to state that Chief Judge Bell, Presiding Judge Hall and Judge Eberhardt concur in this dissent.