## 48718. COWAN v. THE STATE.

STOLZ, Judge. The defendant appeals from his conviction and

sentence of five years' imprisonment for forgery in the second degree. All of his enumerated errors pertain to the admission in evidence in the pre-sentence hearing, over his objections, of state's exhibit 4, copies of Georgia Bureau of Investigation (now Division of Investigation) "criminal activity histories" from the records of the Criminal Identification Division of the G. B. I. The certification of the copies states as follows: "I certify that I am Custodian of the records of the Criminal Identification Division of the Georgia Bureau of Investigation and that the foregoing is a true and correct copy of the criminal activity history of the individual named therein as the same appears in the records of my office, this 21st day of March, 1973." The above bore the signature, "O. Peters," beneath which appeared, "Records and Identification Officer [with "Officer" marked out] Georgia Bureau of Investigation." *Held:*

1. The "public officer," whose certification authenticates copies of records, etc., under Code § 38-601, is not expressly required by that statute to be commissioned by the governor. Even assuming that the public officer within the Department of Public Safety nominally having custody of the G. B. I.'s records, was commissioned by the governor under Code § 89-202, "[a] deputy officer may properly certify for the chief officer nominally having custody . . ." *Pressley v. State,* 207 Ga. 274, 277 (61 SE2d 113), citing 5 Wigmore on Evidence (3d Ed.), 520, § 1633 (8). For this reason the holding in *Foster v. Kelly,* 107 Ga. App. 801 (1) (131 SE2d 587) does not mean that the certificate must be by a public officer personally, rather than by a deputy officer who certifies that he is the custodian of the records, as was apparently done here. This certificate was prima facie valid and there was no showing that the signer was not authorized to act either in his own capacity as a public officer or as a deputy for the chief officer nominally having custody. The elements of authentication — the authority, the incumbency, and the genuineness of the signature of the certifying custodian — approved in *Mach v. State,* 109 Ga. App. 154, 160 (2) (135 SE2d 467) and cit., and missing in the certification in the instant case, are applicable to records of the Federal, not the State, Government.

2. Nor were the copies of the documents inadmissible on the ground that the information represented by the entries on the documents, was conveyed to the Department of Public Safety by other governmental bodies, with no showing that the

information was complete, true, accurate and up to date, and no certification by the officials within the originating governmental units. "Our statute (Code Ann. § 27-2534) provides that at the [pre-]sentence hearing the jury shall hear additional evidence 'including the record of any prior criminal convictions.' This language does not mean that the 'record' must be that of the convicting court; . . ." *Davis v. State,* 229 Ga. 509, 511 (192 SE2d 253).

3. Code Ann. § 27-2534 (Ga. L. 1970, pp. 949, 950; 1971, p. 902) provides that in the pre-sentence hearing, *"subject to the laws of evidence,* the jury shall hear additional evidence in extenuation, mitigation, and aggravation of punishment, including the record of any prior criminal convictions and *pleas of guilty* or *pleas of nolo contendere* of the defendant, or the absence of any such prior criminal convictions and pleas . . ." (Emphasis supplied.) "The nature of the pre-sentence hearing involves the 'general character' (Code § 38-202) of the defendant, and where the State has notified the defendant that such evidence will be admitted (Code Ann. § 27-2534), evidence of general bad character may be admitted." *Dudley v. State,* 228 Ga. 551, 561 (186 SE2d 875). "'Where character is put in issue, the direct examination must relate to general reputation, good or bad, as the case may be'; and 'particular transactions, or statements of single individuals,' can not be brought into the inquiry except on cross examination . . . [cits.].' *Wilson v. State,* 190 Ga. 824, 829 (10 SE2d 861)." *Horton v. State,* 228 Ga. 690, 697 (4) (187 SE2d 677).

The record admitted by the trial judge under authority of Code Ann. § 27-2534 contained not only the defendant's prior criminal convictions, but also evidence of previous arrests, charges, pleas of not guilty, and notations (many of which with abbreviations not in each instance identifiable) apparently relating to pending matters — or perhaps only to suspected criminal activity. Although data from the State Board of Corrections and state prisons, also contained in the record, were admissible (*Davis v. State,* 229 Ga. 509, 511, supra) the other evidence, except for that of the prior criminal convictions or pleas of guilty or nolo contendere, has been held to be prejudicial and harmful, both in the portion of the trial which determines guilt or innocence and in the pre-sentence hearing. See *Williamson v. State,* 217 Ga. 162, 165 (121 SE2d 782); *Kent v. State,* 128 Ga. App. 132 (2, 3) (195 SE2d 770) and cits.; *Horton v. State,* 228 Ga. 690, supra, p. 696 (4). We cannot say that the admission of this extraneous and

prejudicial evidence was harmless in this case, since the jury fixed the maximum sentence prescribed by law for the offense. Code Ann. § 26-1702 (b) (Ga. L. 1968, pp. 1249, 1287; 1969, pp. 857, 860).

Accordingly, a new pre-sentence hearing is ordered with respect only to the issue of punishment. Code Ann. § 27-2534.

*Judgment affirmed as to the conviction; reversed as to the sentence. Eberhardt, P. J., concurs. Pannell, J., concurs in the judgment only.*

SUBMITTED NOVEMBER 8, 1973 — DECIDED NOVEMBER 27, 1973.

*John R. Bennett,* for appellant.
*H. Lamar Cole, District Attorney,* for appellee.