## 31710. McGUIRE v. THE STATE.

INGRAM, Justice.

Appellant, Edward Lee McGuire, was convicted of armed robbery in the Superior Court of Gwinnett County. He was sentenced to five years, to be served in the penitentiary, and seven years to be served on probation. Appellant's motion for a new trial was denied in the trial court and he appeals. We affirm.

The state introduced evidence to prove that a convenience store in Buford, Georgia, was robbed on February 12, 1976. Robert Lee Venable, who was working as the clerk at the store at the time of the robbery testified that appellant entered the store, pulled a pistol, and took

$148 in cash and a carton of Winston cigarettes. Mr. Venable testified that appellant had a light colored stocking pulled over his face which did not conceal his identity. He testified that he had grown up with appellant and recognized appellant immediately upon his entering the store. He also testified that he recognized appellant's voice. Other circumstantial evidence tending to show that appellant was the perpetrator of the robbery was introduced at the trial. The evidence was sufficient to support appellant's conviction.

In one enumeration of error, appellant contends that the trial court erred in overruling his motion to produce exculpatory information of specific statements taken from witnesses by the state during the investigation of the case. Appellant filed a motion in the nature of an omnibus Brady motion but did not demand an in camera inspection of the file by the trial court. The trial court conducted a hearing on appellant's motion at which the assistant district attorney stated in his place that an inspection by him of the state's files disclosed no exculpatory material. The trial court denied appellant's motion to produce. Appellant has not shown that the trial court's denial of his motion prejudiced appellant's defense. This enumeration of error is controlled by *Hicks v. State,* 232 Ga. 393 (207 SE2d 30) (1974) and is without merit.

Appellant also contends that the trial court erred in admitting the testimony of Detective Larry Cox, one of the arresting officers, about a conversation between Detective Cox and Mr. Troy Tuck. Detective Cox testified that in an interview, Mr. Troy Tuck stated that he had been riding around with appellant the night after the robbery. He also told the officer that appellant was probably then at the house of Mr. Troy Tuck's brother, Charles Tuck. Mr. Tuck also stated that appellant was probably the perpetrator of the robbery, since he had been spending money on beer and gas for everybody and was unemployed. Appellant's attorney objected to the admission of this testimony on the ground that it was hearsay. Mr. Tuck had previously testified at trial that he had not seen appellant after the night of the robbery. Detective Cox' testimony, relating pre-trial statements made to him by Troy Tuck, was hearsay. However, those

statements were inconsistent with Mr. Tuck's earlier testimony at the trial and were admitted under the prior inconsistent statements exception to the hearsay rule. Since the trial court charged the jury that the testimony of Officer Cox was being introduced solely for impeachment purposes, we find no error. See Agnor's Georgia Evidence, § 5-5 (1976).

In two enumerations of error, appellant contends that the trial court erred in not declaring a mistrial or instructing the jury to disregard the prosecution's question by the district attorney about appellant's prior arrests. Appellant had testified on direct examination that he had no prior criminal convictions. On cross examination, the district attorney asked appellant how many times he had been arrested. At that point the jury was removed from the courtroom. The trial judge ruled that the answer to that question was inadmissible. Later during the charge to the jury the trial judge instructed them that, ". . . as to any question to which an objection was sustained, you must not speculate as to what the answer might have been or as to the reason for the objection. Since a question is not evidence, you must not suspect that any insinuation suggested by question is true."

The state argues that appellant put his character in issue by testifying that he had not been convicted of any crime and thereby opened the door to questions by the state concerning his prior arrests. Once a defendant in a criminal case puts his character in issue, as appellant did by testifying on direct that he had never been convicted of a crime, we see no reason why he cannot be subjected to cross examination like any other character witness. See Agnor's Georgia Evidence, § 10-5 (1976). However, appellant was not asked on direct examination about any prior arrests. He testified that he had no prior convictions. This does not open the door for cross examination about any prior arrests. We apply the rule in this case that ". . . a mere indictment or a charge or an arrest or a trial and acquittal, are not legal methods of impeachment." *Whitley v. State,* 188 Ga. 177, 179 (3 SE2d 588). See also *Cowan v. State,* 130 Ga. App. 320 (203 SE2d 311) (1973). And cf. *Barrett v. State,* 140 Ga. App. 309 (1976).

In the present case, we believe the trial judge took adequate corrective measures to cure this error. Appellant's attorney at trial interposed an objection to the question before it was answered. The question was never answered before the jury and the trial judge instructed the jury in his general charge to disregard the question. This was sufficient to remove any improper impression which may have been created in the minds of the jury. See *Butler v. State,* 226 Ga. 56 (2) (172 SE2d 399) (1970). See also *Stanley v. State,* 94 Ga. App. 737 (1) (96 SE2d 195) (1956); *Aldridge v. State,* 125 Ga. App. 691 (5) (188 SE2d 835) (1972).

Appellant also contends that the trial court erred in allowing the identification of appellant by the victim to serve as a basis for appellant's conviction. The crux of this argument is that the victim's opportunity to observe appellant was so fleeting that his identification of him was unreliable. This was an evidentiary question to be resolved by the jury at trial. *Kendricks v. State,* 231 Ga. 670 (203 SE2d 859) (1974); *Smallwood v. State,* 114 Ga. App. 459 (3) (151 SE2d 789) (1966). We find no merit in this enumeration of error, nor in the remaining enumeration of error dealing with the testimony at trial of appellant's former wife. Her testimony was relevant circumstantial evidence tending to connect appellant with the crime.

*Judgment affirmed. All the Justices concur, except Hill, J., who dissents.*

Submitted November 19, 1976 — Decided January 5, 1977 — Rehearing denied January 27, 1977.

*Thomas Williams,* for appellant.

*Bryant Huff, District Attorney, Richard T. Winegarden, Arthur K. Bolton, Attorney General, Susan V. Boleyn, Staff Assistant Attorney General,* for appellee.

Hill, Justice, dissenting.

I dissent from so much of the court's opinion as permits the district attorney to ask the defendant how many times he has been arrested and permits the trial

court to cure this admitted error by instructing the jury generally that they must not speculate as to what the answer might have been to any question to which an objection was sustained.

Once the defendant's character has erroneously been placed in issue by the district attorney, the error cannot be cured by a subsequent general jury instruction. *Butler v. State,* supra; *Stanley v. State,* supra; *Aldridge v. State,* supra.