## 58983. BLACKMON v. THE STATE.

CARLEY, Judge.

This appeal is from appellant's conviction for driving an automobile while his license was suspended or revoked. Appellant has enumerated as error the admission of a computer printout purported to be from the records of the Department of Public Safety and the admission of testimony based on that document.

1. Georgia Code Ann. § 68B-215 (e) provides for the certification of records of the Department of Public Safety in the following manner: "The commissioner shall designate a member of the department to be the official custodian of the records of the department. Said custodian may certify copies or compilations, including extracts thereof, of the records of the department. When so certified, such records shall be admissible as evidence in any civil or criminal proceeding as proof of the contents thereof." The computer printout offered by the state in this case was identified by and testimony based thereon was given by a Lt. Rudd of the Department of Public Safety. The purported certification was signed by a Lt. Kicklighter, whose title appears from the certification to be "Assistant Supervisor Drivers Services Section." Lt. Rudd testified that a Captain Hyde bears the title "Custodian of Records." Lt. Rudd further testified that he and Lt. Kicklighter are both assistants to Captain Hyde.

It appears from the language of Code § 68B-215 (e) that the legislature intended that the Commissioner of Public Safety designate a single individual to be empowered to certify records of the department. Under the evidence Captain Hyde is that individual. There is no authorization in the statute for a further delegation of

that power and we decline, in the absence of a legislative mandate, to expand the statutory authority. Therefore, there having been no showing, in response to defense counsel's objection to the certification of the printout, that it was properly certified by the designated custodian of the records of the Department of Public Safety, we hold that there was no compliance with Georgia Code Ann. § 68B-215 (e) and the printout should not have been admitted into evidence in reliance on that statute.

2. The state insists that, notwithstanding any defect in the certification under Code § 68B-215 (e), the printout was properly admitted under Code § 38-601: "The certificate or attestation of any public officer, either of this State or any county thereof, shall give sufficient validity or authenticity to any copy or transcript of any record, document, paper of file, or other matter or thing in their respective offices, or pertaining thereto, to admit the same in evidence."

Assuming, without deciding, that this general section on certification of records would be applicable even though the legislature has prescribed a specific procedure for certification of Department of Public Safety records, we are not persuaded that the requirements of Code Ann. § 38-601 have been met in this case. "A public office is one created by the Constitution, by some statute, or by municipal ordinance passed in pursuance of legislative authority. [Cits.]" *Morris v. Peters,* 203 Ga. 350, 356 (46 SE2d 729) (1948). Clearly, under that definition, the Commissioner of Public Safety is a public officer. See Code Ann. § 40-35164. Therefore, assuming the applicability of Code Ann. § 38-601, a certification of records of the Department of Public Safety by the commissioner would suffice. There is also authority that certification by a deputy of a public officer meets the requirements of the Code section. See *Cowan v. State,* 130 Ga. App. 320 (203 SE2d 311) (1973). But, in the instant case, we are presented with a certification by an apparent assistant to an alleged deputy of a public officer. As we are unwilling to expand the authority given by Code Ann. § 68B-215 (e), so are we unwilling to lengthen the chain of delegation authorized by *Cowan,* supra. We hold, therefore, that the attempt to bring the certification here

within the ambit of Code Ann. § 38-601, even if that section were applicable, was unsuccessful. The admission into evidence of the computer printout and the testimony based thereon was error.

3. Absent the computer printout and the testimony based thereon, there was not sufficient evidence adduced at trial to authorize appellant's conviction. The state's assertion that the testimony of the arresting officer, that appellant admitted at the time of arrest that his license was suspended, was sufficient is without merit. The officer's testimony was that, when asked for a drivers license, appellant responded that he "didn't have any." That falls far short of an admission that appellant's license had been suspended or revoked.

The state having failed to prove by competent evidence that appellant's license was in a state of suspension or revocation at the time of his arrest, appellant's conviction must be reversed.

*Judgment reversed. Deen, C. J., and Shulman, J., concur.*

SUBMITTED NOVEMBER 6, 1979 — DECIDED FEBRUARY 8, 1980.

*James I. Parker,* for appellant.
*J. Callaway Holmes, Solicitor,* for appellee.