## 66796. DAVIS v. THE STATE.

CARLEY, Judge.

Appellant and a co-defendant were tried before a jury and convicted of aggravated assault with intent to rob. Appellant's motion for new trial was denied and he appeals from the judgment of conviction and sentence entered on the guilty verdict.

1. Appellant took the stand in his own defense. On direct examination, appellant testified that he had never before been convicted of a crime. During subsequent cross-examination, appellant was questioned about his activities during the evening on which the alleged aggravated assault had occurred. This cross-examination culminated in the state's asking appellant if, earlier in that evening and in the same general vicinity as the alleged aggravated assault, he had not in fact committed a robbery. Appellant denied participation in any such prior robbery on that evening. He then moved for a mistrial on the ground that his character had been impermissibly placed in evidence by the question itself. Appellant's motion was denied, a ruling which he enumerates as error.

Appellant relies upon *McGuire v. State,* 238 Ga. 247, 249 (232 SE2d 243) (1977): "Once a defendant in a criminal case puts his character in issue, as appellant did by testifying on direct that he had never been convicted of a crime, we see no reason why he cannot be subjected to cross-examination like any other character witness. [Cit.] However, appellant was not asked on direct examination about any prior arrests. He testified that he had no prior convictions. This does not open the door for cross-examination about any prior arrests. We apply the rule in this case that '. . . a mere indictment or a charge or an arrest or a trial and acquittal, are not legal methods of impeachment.' [Cits.]" Thus, appellant in the instant case asserts that his denial on direct examination of any prior convictions did not open the character door for cross-examination about a robbery for which he has never been convicted.

*McGuire v. State,* supra, is not controlling in the case at bar

because a ruling that the challenged question was permissible is not dependent upon the appellant's earlier statement that he had not been convicted of a crime. Our review of the transcript of appellant's cross-examination demonstrates that, before he was specifically asked about his commission of the prior robbery, appellant had volunteered, in response to another question, that he had been identified as the perpetrator of that earlier robbery. This voluntary admission by appellant opened the door for subsequent cross-examination on the issue of the prior robbery for the purpose of impeachment. *McDaniel v. State,* 248 Ga. 494, 495 (3) (283 SE2d 862) (1981). The topic of the prior robbery was first introduced by appellant and, "[w]hile it is true that the information was given in response to a question by the prosecution, the defendant, on advice of counsel, could have invoked the Fifth Amendment (Code Ann. § 1-805) and refused to answer on the ground that it might incriminate him." *McDaniel v. State,* supra at 496. Accordingly, we find no error.

2. The state offered the rebuttal testimony of the officer who had investigated the prior robbery which is discussed in Division 1. Over appellant's hearsay objection, the officer was allowed to testify as to the victim's description of the perpetrators of that robbery. This testimony was offered to explain the conduct of the officer in subsequently arranging a confrontation between the robbery victim and appellant, which confrontation had resulted in the identification of appellant as one of the perpetrators of that crime.

Appellant asserts that the admission of this hearsay testimony was the erroneous result of "an overly broad interpretation" of OCGA § 24-3-2 (Code Ann. § 38-302). *Momon v. State,* 249 Ga. 865, 867 (294 SE2d 482) (1982). However, unlike *Momon* — wherein the prior crime had no relevancy to any issue on trial — the prior robbery had become a relevant issue in the instant case by appellant's voluntary testimony that he had been identified as the perpetrator of that crime. See *McDaniel v. State,* supra; *Hughes v. State,* 141 Ga. App. 506 (1) (233 SE2d 872) (1977) (cited with approval in *McDaniel v. State,* supra at 496). Accordingly, we cannot say that an explanation of the officer's conduct with regard to instigating the confrontation between appellant and the robbery victim was not relevant to any issue on trial. It would appear that the testimony was properly offered and admitted under OCGA § 24-3-2 (Code Ann. § 38-302) for the limited purpose of explaining the officer's conduct, and not "as substantive proof of the matters asserted therein. [Cits.]" *Gaskins v. State,* 250 Ga. 386, 389 (297 SE2d 729) (1982). We find no error.

*Judgment affirmed. Deen, P. J., and Banke, J., concur.*

DECIDED JANUARY 4, 1984.

*J. Douglas Willix,* for appellant.

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Jerry W. Baxter, Richard E. Hicks, Assistant District Attorneys,* for appellee.