## 75898. WEBSTER v. THE STATE.
(365 SE2d 530)

DEEN, Presiding Judge.

Ed Webster was convicted of burglary and rape. On appeal he asserts the general grounds. *Held*:

The evidence showed that the eleven-year-old victim's aunt was awakened at approximately 2:30 a.m. on October 11, 1985, when she heard a noise in the house. The intruder attempted to enter her room, but the door was locked. After she heard him go across the hall and enter her niece's room, she climbed out a window and went to a neighbor's house to call the police. The intruder raped the child and then made her open a window. She was able to see his face before he jumped from the window and fled. The young girl immediately reported the rape to her mother, gave the police a description of her attacker and named him as "Edward Smith," a man she had previously seen at a neighbor's house. The following day she viewed a six-person photographic lineup and identified Ed Webster's photograph.

A witness from the crime lab testified that a vaginal smear taken from the victim revealed the presence of sperm. A detective recovered a pair of boots and a ten-speed bicycle a few steps from the point of entry which were identified as belonging to the defendant.

On appeal, the defendant attempts to cast doubt upon the identification by claiming that he cannot be distinguished from his twin brother, Ned Webster. While two witnesses did admit that they had difficulty in telling the brothers apart, the neighbor at whose home the victim had seen Ed Webster testified that she knew Ed Webster as Ed Smith and that his brother had not been to her home in October of 1985, and that she had not seen him for a long time. The witness' testimony as to which brother wore the boots found near the crime scene is contradictory. A detective testified that he stopped Ned Webster approximately twenty days after the incident in question while investigating another matter and learned that he had just returned from Texas. A man who identified Ed Webster as a man who was dating his mother during the time period in question, identified the bicycle as the one that the defendant rode, but admitted he had difficulty telling the brothers apart and could not really tell if it was Ed or Ned on the bicycle.

This court cannot consider the credibility of witnesses; any discrepancy in a witness' testimony is a matter for jury resolution. *Overton v. State*, 230 Ga. 830 (199 SE2d 205) (1973). Questions of identity and credibility of the witnesses are for the trier of fact. *Smallwood v. State*, 114 Ga. App. 459 (151 SE2d 789) (1966). The trial transcript shows that the jury was adequately instructed as to the state's burden of proof as to identity, that the victim positively identified the defendant as her attacker and there was evidence that his brother was outside the state when the crime was committed. We therefore find that there was both direct and circumstantial evidence identifying the defendant as the perpetrator of the crime. Construing the evidence in favor of the prosecution, we find that a rational trier of fact could find the defendant guilty beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. Carley and Sognier, JJ., concur.*

DECIDED FEBRUARY 1, 1988.

*Larry B. Mims*, for appellant.
*David E. Perry, District Attorney, Diane L. Perry, Assistant District Attorney*, for appellee.